**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sean Gunderson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  21CV4891 |
| | ) | |
| vs. | ) | Hon. Franklin U. Valderrama |
| | ) | |
| James P. Corcoran, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY**

Defendants, James Corcoran, William Epperson, Richard Malis, and Thomas Zubik, by their attorney, Kwame Raoul, Attorney General of Illinois, hereby move to stay discovery pending resolution of their motion to dismiss.  In support of this unopposed motion, Defendants state as follows:

1.      Plaintiff filed his Complaint on September 15, 2021. (Dkt. 1.) Plaintiff filed an Amended Complaint on November 9, 2021. (Dkt. 6.)

2.      Defendants filed a Motion to Dismiss and supporting Memorandum on November 22, 2021. (Dkts. 7-8.) Defendants brought their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleging that this Court lacks jurisdiction over Plaintiff's claims because the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, that Plaintiff's claims are also barred by the *Heck* doctrine, and that Plaintiff failed to state a claim.

3.      It is well established that a "court has broad discretion over pretrial discovery rulings." *Thermal Design, Inc. v. American Society of Heating, Refrigeration and Air-Conditioning, Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). A court's power to stay discovery

is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Therefore, a court may stay discovery pending a motion to dismiss. *Landis*, 299 U.S. at 254.

4.      Here, a stay of discovery is particularly appropriate because the Defendant's motion argues that this Court lacks subject matter jurisdiction over this matter. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

5.      Other courts have recognized that when subject matter jurisdiction is challenged, it is appropriate to stay discovery. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988) ("It is recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."); *Harper v. Central Wire, Inc.*, No. 19-CV-502878, 2020 WL 5230746, *2 (N.D. Ill. Sep. 2, 2020) (stating that jurisdiction is a threshold issue that supports a stay of discovery). This reasoning should be applied here. If Defendants' motion to dismiss is granted, this Court will have to dismiss this matter.

6.      Due to the nature of Defendants' motion to dismiss, a stay of discovery is appropriate because requiring Defendants to engage in discovery would impose an undue burden on the Defendants.

7.      Defendants' counsel contacted Plaintiff's counsel about this motion to stay discovery pending the resolution of Defendants' motion to dismiss. Plaintiffs' counsel advised that he has no objection to this motion.

WHEREFORE, Defendants respectfully request that this Court grant their motion and stay all discovery in this case pending resolution of the Defendants' motion to dismiss.

December 1, 2021                    Respectfully submitted,

                                   KWAME RAOUL
                                   Attorney General of Illinois
                                   */s/ Erin Walsh*
                                   Erin Walsh
                                   Office of the Illinois Attorney General
                                   100 West Randolph Street
                                   Chicago, Illinois 60601
                                   (312) 814-6122
                                   erin.walsh@ilag.gov