**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN GUNDERSON, | ) | Case No. 21-cv-o4891 |
| | ) | |
| Plaintiff, | ) | Hon. Franklin U. Valderrama, |
| | ) | Presiding |
| v. | ) | |
| | ) | |
| JAMES P. CORCORAN, et al., | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION
TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

NOW COMES Plaintiff Sean Gunderson, by and through his attorneys, the Law

Offices of Kretchmar & Cecala, P.C., and makes the following arguments against the

Defendants' Reply, filed January 11, 2022 (Docket No. 19).

Defendants prematurely attempt to minimize damages that Plaintiff can claim

(and thereby the entire case), by repeatedly highlighting a "concession" which was

*merely for the purposes of argument* in regards to the 12(b)(6) motion to dismiss, that

claims in the Amended Complaint apply *at least* to the period following the filing of his

2018 Petition. This puts the cart quite a distance in front of the horse. Damages are

adequately alleged. What evidence from what periods of time might end up being

relevant and admissible in a jury trial will, presumably, be decided on other motions than

this one. It's just not a relevant argument, and it mischaracterizes the Response.

Defendants however, appear to concede that Plaintiff is a state court winner, not a

loser. They nevertheless revert to their *Rooker-Feldman* argument, citing cases that they

did not mention before. Responding to Defendants' new argument, Plaintiff especially points out here, that in *Nadzhafaliyev v. Dyslin*, the fact that the director of Elgin Mental Health Center filed regular treatment plan reports with the state court supposedly implicated state court orders or "decisions to continue" a commitment. But there was no allegation that court reports were intentionally falsified, only that information was generally erroneous. 19 C 2590 (ND Ill. Sep. 16, 2021).

The Complaint here clearly states (*see* Paragraphs 18-21) that Defendants falsified reports to prevent the state court from knowing the truth. The Complaint's allegations that the individual Defendants' communications to the state court were, themselves intentional, *organic* falsehoods to prevent due process of law, are clearly distinguished from the facts in *Nadzhafaliyev*. This Plaintiff does not allege an erroneous diagnosis or other mistake, by anyone. He does not require reversal or suggest the invalidity of any previous state court decision. He is suing specific individuals for the harm of a delayed conditional release caused by their lies, which prevented "the Circuit Court of Cook County from becoming aware that Plaintiff's clinical treatment team believed… conditional release (was) appropriate." (Dkt. No. 6, Paragraph 18.)

Defendants' entire *Heck*/*Rooker-Feldman* argument about jurisdiction asks the Court to dismiss based on things *not* alleged or inferences *not* justified from the Complaint. The *Nadzhafalilev* holding is that an incorrect decision on a commitment caused by erroneous information of the plaintiff's mental illness, even when it may have been influenced by animus, remains beyond the jurisdiction of the federal courts pursuant to *Rooker-Feldman*. Our case here, is clearly distinguished because the Defendants are alleged to have conspired to intentionally insert premeditated lies into evidence in the

state court.  After nearly two years the state court became aware of the lies, and finally granted the Plaintiff's release based on the truth.

Defendants' new (and obviously circular) argument that the Plaintiff's Fourth, Eighth, and Thirteenth Amendment claims "cannot show any injury… because he can show no injury," relies upon ignoring everything but the NGRI verdict in the original criminal case.  It particularly ignores all of the Complaint and the complex NGRI process which confers special rights for a committed acquittee.  Like a pretrial detainee and unlike any convicted prisoner, the Plaintiff could not constitutionally be punished in any sense or degree.  (*Nadzhafaliyev v. Hardy*, at 11.)  But the Plaintiff *was* unconstitutionally punished and damaged as alleged in the Complaint.

Beyond the above points, Plaintiff stands on the arguments in his Response, and objects to formulation of new arguments not raised in Defendants' 12(b)(6) motion.

Respectfully submitted,

By _/s/ S. Randolph Kretchmar_
(Attorney for the Plaintiff)

*LAW OFFICES OF KRETCHMAR & CECALA. P.C.*
1170 Michigan Avenue, Wilmette, IL 60091
847-370-5410, srandolphk@gmail.com